```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                       WESTERN DIVISION
                     NO. 5:17-CR-401-1H
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MALCOLM DION FULLER, | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to suppress [DE #22]. Following an evidentiary hearing, United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation (M&R) on October 1, 2019, recommending defendant's second motion to suppress be granted.

The government filed objections to the M&R and defendant responded to those objections. This matter is ripe for adjudication. Under Rule 59(b) of the Federal Rules of Criminal Procedure, a district judge must consider de novo any portion of the M&R to which objection is properly made.

The government makes the following objections:

(1) Even assuming the Magistrate Court properly interpreted North Carolina law, exclusion is not an appropriate remedy;

(2) The search was directly related to purposes of supervision;

(3) "Directly related" does not mean reasonable or particularized; and,

(4) The defendant had no reasonable expectation of privacy.

As to the second, third and fourth objections, the court has carefully reviewed the government's arguments, the defendant's response, as well as other documents of record including the transcript of the hearing on the motion to suppress. The court finds these objections are without merit. Judge Swank's M&R is thorough and well-reasoned. The government conceded there was no individualized suspicion in this case whatsoever and that they were relying solely on the special needs analysis. The court agrees with the analysis of the Magistrate Judge. Therefore, these objections are without merit.

As to the issue of exclusion of the tainted evidence, the government notes "the fact that a Fourth Amendment violation occurred [. . .] does not necessarily mean that the exclusionary rule applies." Herring v. United States, 555 U.S. 135, 144 (2009). The government then argues that exclusion is not an appropriate remedy in this case and that the magistrate judge did not properly address the issue. However, "when evidence is discovered as a result of a Fourth Amendment violation, it is, generally speaking, subject to suppression under the exclusionary rule." United States v. Gaines, 668 F.3d 170, 173 (4th Cir. 2012) citing United States v. Andrews, 577 F.3d 231, 235 (4th Cir.2009). Judge Swank did address the issue, noting that the taint of the unlawful search had not been purged, referencing the Gaines case. Here, the

acquisition of the evidence was contemporaneous with the illegal search, and there is no evidence that intervening circumstances broke the causal chain between the search and the acquisition of the firearm. Further, the court finds the application of the good faith exception is not warranted in this case, for the reasons discussed in the government's response to objections. Therefore, this objection is without merit.

A full and careful review of the M&R and other documents of record convinces the court that the recommendation of the magistrate judge is in accordance with the law and should be approved. Accordingly, the court hereby adopts the recommendation of the magistrate judge as its own; and, for the reasons stated therein, the defendant's motion to suppress [DE #22] is hereby GRANTED.

This 20th day of November 2019.

_____
Malcolm J. Howard
Senior United States District Judge